# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 742 | **DATE** | 12/15/2003 |
| **CASE TITLE** | CATHY RIDLEY vs. RONALD GRAZIANO, JOHN MANFREDI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Manfredi's summary judgment motion is granted as to Count I and denied as to Count II; defendant Graziano's motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 16 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | 37 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 DEC 15 AM 5: 23 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CATHY RIDLEY, as next of kin and guardian )
on behalf of KENNETH I. TAYLOR, )
)
Plaintiff, )
)
vs. ) No. 02 C 742
)
RONALD GRAZIANO, JOHN MANFREDI, )
and other unidentified police officers, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Cathy Ridley brought this action on behalf of Kenneth L. Taylor, alleging false arrest and excessive use of force by defendants, Bartlett, Illinois, police officers. Defendants filed motions seeking summary judgment as to all counts. For the following reasons, defendant John Manfredi's motion is granted in part and denied in part and defendant Ronald Graziano's motion is denied.

## BACKGROUND

In the early evening of June 17, 2000, Kenneth Taylor was standing with a group of friends in front of a house in Bartlett. Defendant Graziano had been called to the scene because of a report of "suspicious behavior" in the area. When he approached Taylor and his friends, Taylor, along with at least two others, left and began heading towards his house. Plaintiff alleges that Taylor simply turned away and began walking, while defendant Graziano claims that Taylor ran from the scene. Graziano began to follow Taylor in his squad car and put out a call on his radio describing the individuals who had left the scene. Defendant

37

Manfredi heard the call, saw Taylor and noticed that he matched the description given by Graziano. He radioed back to Graziano and followed Taylor, in his car, until Graziano arrived. Upon arriving at the scene, Graziano began to question Taylor, eventually placing him under arrest. Plaintiff alleges that Graziano initiated a struggle with Taylor, using excessive force, first twisting his arm behind his back then causing Taylor to hit his face against the squad car, knocking out his teeth. Defendants maintain that Taylor was acting suspiciously, refusing to remove his hand from his pocket, and that any injuries were the result of his struggle to resist arrest. All charges against Taylor were dropped.

## DISCUSSION

Our function in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists and that the moving party is entitled to judgment as a matter of law will we grant the motion. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). In ruling on this motion it is not our job to determine whether the plaintiff's story or the defendants' story is more likely to be true. Instead, we decide only whether a reasonable jury could believe the story as told by the plaintiff and, if so, whether he would be entitled to recovery.

### False Arrest

In order to prevail on a claim for false arrest, plaintiff must prove that defendants arrested Taylor in the absence of probable cause. Qian v. Kautz, 168 F.3d 949, 953 (7th Cir. 1999). The existence of such probable cause is an absolute bar to recovery. Smith v. City of

Chicago, 913 F.2d 469, 473 (7th Cir. 1990). This determination is made at the time of the arrest. Qian, 168 F.3d at 953. If at that time a reasonably prudent person could believe that the suspect had committed or was committing an offense, the officer had probable cause. *Id.* While the officers are entitled to qualified immunity, in a § 1983 case involving a false arrest claim, the concepts merge and the sole question is whether there was probable cause for the arrest. Boyce v. Fernandes, 77 F.3d 946, 948 (7th Cir. 1996).

Obviously, plaintiff bears a heavy burden in proving a false arrest. However, a reasonable jury could believe plaintiff's story and find that probable cause did not exist. Essentially, Taylor claims that he was simply standing near a friend's house, followed by Graziano when he began to head towards home, and was subsequently arrested. While Graziano had received a call reporting "suspicious behavior," there is no evidence that he had information about any specific criminal activity. If the jury believes Taylor, it may reasonably determine that the arrest lacked probable cause.

Manfredi's motion for summary judgment on this claim is granted. He heard the report over the police radio and noticed that Taylor matched Graziano's description. A reasonable officer in his position could act on this information, believing there to be probable cause. Moreover, Manfredi played only a minor role in actually arresting Taylor, watching him until the arrival of Graziano. This does not amount to a violation of Taylor's § 1983 rights.

Excessive Use of Force

The right to make an arrest inherently carries with it the right to use a reasonable amount of force. Saucier v. Katz, 533 U.S. 194, 208 (2001). The court must look at the totality

of the circumstances, judging the use of force from the perspective of a reasonable officer at the scene, rather than trying to determine what *should* have happened. Graham v. Connor, 490 U.S. 386, 396 (1989); Jones by Jones v. Webb, 45 F.3d 178, 183 (7th Cir. 1995).

Again, plaintiff's burden is high, but a reasonable jury could find that Officer Graziano used excessive force when arresting Taylor. If the jury believes Taylor's story, he was unarmed, did not struggle, yet he was wrestled against the car by Graziano, who twisted his arm behind his back and caused his head to hit the rear window of the car. A jury may determine that this was excessive, given the circumstances.

Also, plaintiff alleges that Officer Manfredi watched the struggle, should have realized that Graziano was using excessive force, yet failed to say or do anything to stop him. If a jury believes plaintiff's version of events, they may determine that Manfredi had both the motivation and the opportunity to intervene, yet failed to do so, which is enough to find him liable for Taylor's injuries as well. *See* Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 276-77 (7th Cir. 1986).

## CONCLUSION

For the foregoing reasons, defendant Manfredi's summary judgment motion is granted as to Count I and denied as to Count II; defendant Graziano's motion is denied.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 15, 2003.